IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-016-CR




MICHAEL WAYNE GEORG,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW OF COMAL COUNTY 



NO. 91CR-780, HONORABLE FRED CLARK, JUDGE


 





PER CURIAM

 A jury found appellant guilty of driving while intoxicated. Tex. Rev. Civ. Stat.
Ann. art. 6701l-1 (West Supp. 1992). The court assessed punishment at incarceration for 180
days and a $1000 fine, probated.

 In one of his two points of error, appellant challenges the legal sufficiency of the
evidence. The State's evidence consisted of the testimony of Department of Public Safety trooper
Ronald McCoy and a videotape of appellant made at the Comal County jail following his arrest.

 Around 7:00 p.m. on July 21, 1991, McCoy stopped appellant for speeding on
Farm Road 2722 in Comal County. The officer testified that during this encounter, appellant
exhibited the usual symptoms of intoxication: he smelled of alcoholic beverage, he was unsteady
on his feet, his balance was poor, his speech was slurred, his face was red, and his eyes were
glassy and bloodshot. During field sobriety tests, appellant was unable to stand on one foot and unable to recite the alphabet. Based on his training and 23 years of experience as a trooper,
McCoy concluded that appellant was intoxicated due to alcohol consumption.

 In his argument under this point of error, appellant asserts that McCoy testified
that appellant had the normal use of his mental and physical faculties. Appellant does not cite the
Court to a page in the record where this testimony appears. We have read McCoy's testimony
carefully and find no such statement. The officer's testimony is more than sufficient to sustain
the jury's verdict of guilt. Jackson v. Virginia, 443 U.S. 307 (1979); Griffin v. State, 614
S.W.2d 155 (Tex. Crim. App. 1981). Appellant's contention to the contrary is overruled.

 In his other point of error, appellant argues that the trial court erred by admitting
the videotape in evidence over his objection that the chain of custody had not been proved. 
McCoy identified the videotape at trial, saying "Well, that's my handwriting and `7/21/91,
Michael Wayne Georg,' my name, `McCoy, DPS' and it has `machine malfunction' on there." 
McCoy testified that after the videotaping was complete, he placed the tape in a locked container
at the sheriff's department. McCoy viewed the tape before trial began and stated that it accurately
reflected the events as he remembered them.

 When an offered exhibit is readily identifiable, the trial court has broad discretion
to admit the exhibit on the basis of testimony that the item is the one in question and is in a
substantially unchanged condition. Hammett v. State, 578 S.W.2d 699, 708 (Tex. Crim. App.
1979). The trial court did not abuse its discretion by admitting the videotape.

 In his argument under this point of error, appellant also complains that the State
did not lay the proper predicate for the admission of the videotape. See Roy v. State, 608 S.W.2d
645, 649 (Tex. Crim. App. 1980). He did not object to the exhibit on this ground, however, and
this contention was not preserved for review. Tex. R. App. P. 52(a). The point of error is
overruled.

 The judgment of conviction is affirmed.



[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed: September 16, 1992

[Do Not Publish]